ORIGINAL 

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Agana, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Plaintiff



FILED
DISTRICT COURT OF GUAM
OCT 02 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT FOR GUAM

HANSEN HELICOPTERS, INC.,

        Plaintiff,

vs.

OCEANAIR LOGISTICS,
LORENZO LOPEZ, and
AMERICAN NATIONAL FIRE
INSURANCE COMPANY,

        Defendants.

CIVIL CASE NO. 02-00029

**COMPLAINT; DEMAND FOR JURY**

Plaintiff Hansen Helicopters, Inc. ("Hansen"), files its complaint against OceanAir Logistics, Lorenzo Lopez and American National Fire Insurance Company as follows:

    A.    <u>JURISDICTION - ALL CLAIMS AND PARTIES</u>.

        1.    The Court has jurisdiction of the action under 28 U.S.C. §1332.

    B.    <u>PARTIES</u>

        2.    Hansen Helicopters is a Guam corporation conducting a commercial aviation business from its principal place of business located at Harmon, Guam.

3. Defendant OceanAir Logistics ("OceanAir") conducts a freight forwarding business from its place of business located at Miami, Florida. OceanAir also arranges for cargo insurance for the goods it ships.

4. Upon information and belief, Defendant Lorenzo Lopez (Lopez) is the principal owner and/or managing agent and/or shareholder of OceanAir and resides in or around Miami, Florida.

5. Upon information and belief, Defendant American National Fire Insurance Company ("American National") conducts an insurance business from its place of business located at Walnut Creek, California.

C. FACTS COMMON TO ALL CLAIMS AND PARTIES

6. Hansen Helicopters supplies helicopters and pilots to tuna boats for the purpose spotting schools of tuna from the air.

7. From time to time Hansen purchases helicopters from owners located in the United States and ships them to Guam in containers via ocean-going ships.

8. In May 2002, Hansen purchased a used Hughes 500 helicopter in the United States and through OceanAir arranged (i) to ship the helicopter from Missouri to Guam in a 40 ft. container and (ii) for all risk insurance for partial or total loss of the helicopter. OceanAir agreed to perform these tasks and invoiced Hansen $5,259.86 for intermodal ocean freight and $3,125.00 for cargo insurance, on a declared value of $250,000.00. Hansen paid the freight and insurance premium in full.

9. OceanAir placed its order for the insurance with Roanoke Trade Services, Inc., a broker. However, OceanAir, through the acts of or under the direction and/or supervision of Lopez, intentionally and/or negligently and/or fraudulently failed to procure the insurance

Hansen requested, for which OceanAir billed Hansen, and for which Hansen paid in full. Instead, OceanAir, through the acts of or under the direction and/or supervision of Lopez, intentionally and/or negligently and/or fraudulently purchased a cheap restricted policy for $397.08 which purports to cover only total loss for new merchandise caused only by certain catastrophic events such as the vessel stranding, burning up, sinking or colliding with another vessel.

10. Roanoke Trade procured the insurance OceanAir requested from American National.

11. The helicopter was undamaged when it was shipped to Guam in May 2002.

12. In June 2002, when the helicopter arrived at Hansen's shop in Harmon, Guam, it was badly damaged.

13. Hansen immediately filed a claim, and American National appointed, or caused to be appointed, an adjuster to inspect the damage and recommend an allowance for the claim.

14. On June 20, 2002, at Hansen's shop in Harmon, the adjuster inspected the helicopter and submitted a report which recommended that American National allow $55,051.70 for the claim.

15. Two months later, however, American National denied Hansen's claim citing the $397.00 restricted policy OceanAir had purchased for the shipment, but for which OceanAir charged Hansen $3,125.00.

16. Though Hansen asserted that its claim came within an exception which would take its claim outside the restricted coverage terms, American National denied Hansen's claim.

17. Hansen then repaired the helicopter at its own expense.

### COUNT I - NEGLIGENCE - OCEANAIR

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. OceanAir negligently failed to procure the insurance it collected premium for.

20. As a direct and proximate result, Hansen has sustained actual damages of at least $58,176.70.

### COUNT II - NEGLIGENT MISREPRESENTATION - OCEANAIR

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. OceanAir negligently misrepresented to Hansen that it would purchase, on behalf of Hansen, the insurance for which OceanAir billed Hansen and collected premium.

23. As a direct and proximate result, Hansen has sustained damages of at least $58,176.70.

### COUNT III - INTENTIONAL MISREPRESENTATION - OCEANAIR

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. OceanAir, through the acts of or under the direction and/or supervision of Lopez, intentionally misrepresented to Hansen that it would purchase, on behalf of Hansen, the insurance for which OceanAir billed Hansen and collected premium.

26. As a direct and proximate result, Hansen has sustained damages of at least $58,176.70.

## COUNT IV - FRAUDULENT AND MALICIOUS MISREPRESENTATION - OCEANAIR AND LOPEZ

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. On May 8, 2002, OceanAir, acting through its principal Lorenzo Lopez, charged and invoiced Hansen $3,125.00 for an insurance policy Mr. Lopez knew would not provide the broad coverage Hansen had requested and believed it would receive for payment of the premium charged. Instead, on May 28 and 29, 2002, Mr. Lopez knowingly caused OceanAir to purchase a policy for $397.00 which, by its express terms, provided only minimal restricted coverage instead of the much broader coverage Mr. Lopez had caused Hansen to believe it would receive for payment of $3,125.00. Specifically, on May 28, 2002, Roanoke Trade provided Mr. Lopez with actual knowledge of the restricted nature of the policy and the premium therefore, and on May 29, 2002, Lopez confirmed in writing that he would purchase that policy for that premium.

29. On May 5, 2002, and thereafter, OceanAir, through Mr. Lopez, fraudulently and/or maliciously misrepresented the insurance policy Hansen would receive for payment of a $3,125.00 premium, and knowingly accepted Hansen's payment of $3,125.00 for an insurance policy and he knew would not be procured for Hansen. Mr. Lopez had actual knowledge that the policy OceanAir, through Lopez, would procure for Hansen would cost only a fraction of the premium he had charged Hanson and instead of the broad coverage he and OceanAir agreed to provide and charge for, would only provide severely restricted coverage.

30. As a direct and proximate result of the foregoing, Hansen has sustained damages of at least $58,176.70.

### COUNT V - EXEMPLARY DAMAGES - OCEANAIR AND LOPEZ

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. As a direct and proximate result of the fraudulent and malicious conduct described in Count IV, under Title 20 of the Guam Code Annotated Section 2120, Exemplary Damages, and other applicable law, Hansen is entitled to exemplary damages of $1,000,000 or an amount according to the proof at trial.

### COUNT VI- UNJUST ENRICHMENT & DISGORGEMENT-OCEANAIR

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. OceanAir billed Hansen $3,125.00 for the insurance premium.

35. OceanAir requested Roanoke Trade to provide a restricted policy instead of the broader policy Hansen paid for, and paid only $397.00 for that policy.

36. As a direct and proximate result, OceanAir has unjustly enriched itself and must disgorge to Hansen the difference between what Hansen paid for and actually received plus pre-and post-judgment interest.

### COUNT VII- BREACH OF CONTRACT- AMERICAN NATIONAL

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. American National breached the insurance contract it had with Hansen by denying that Hansen's claim is within an exception to the restricted coverage.

39. As a direct and proximate result of said breach of contract, Hansen has sustained actual damages of at least $58,176.70.

///

///

///

### COUNT VIII - NEGLIGENCE - AMERICAN NATIONAL

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. American National has negligently determined that Hansen's claim is not within an exception to the restricted coverage.

42. As a direct and proximate result of said negligence, Hansen has sustained actual damages of at least $58,176.70.

### COUNT IX - BAD FAITH - AMERICAN NATIONAL

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. American National owed Hansen a duty of utmost good faith in evaluating Hansen's claim.

45. American National breached its duty of utmost good faith by denying coverage prior to conducting any investigation whatsoever into the cause or causes of the damage to the helicopter.

46. This breach of duty constitutes bad faith denial of the claim.

47. As a direct and proximate result of said bad faith denial of the claim, Hansen has sustained damages of at least $58,176.70.

### COUNT X - EXEMPLARY DAMAGES - AMERICAN NATIONAL

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. As a direct and proximate result of the bad faith described in Count IX, under Title 20 of the Guam Code Annotated Section 2120, Exemplary Damages, and other applicable law, Hansen is entitled to exemplary damages of $1,000,000 or an amount according to the proof at trial.

D. **DEMAND FOR JURY**

Hansen hereby demands a jury on all issue so triable.

**WHEREFORE,** Plaintiffs pray for the following relief:

1. Process according to the practice of this Court issue against each defendant named herein.

2. Judgment in favor of Hansen and against OceanAir in the amount of $58,176.70, plus other consequential damages in amounts to be proved at trial.

3. Judgment in favor of Hansen and against defendants, jointly and severally, in the amount of $55,051.70, plus other consequential damages in amounts to be proved at trial.

4. A judgment of disgorgement against OceanAir in an amount to be proven at trial.

5. Under 20 G.C.A. §2120, and other applicable law, exemplary damages, against OceanAir and Lopez in the amount of $1,000,000, or as determined by the jury according to proof at trial.

6. Under 20 G.C.A. §2120, and other applicable law, exemplary damages against American National in the amount of $1,000,000, or as determined by the jury according to proof at trial.

7. Costs of suit, including reasonable attorneys' fees.

/ / /

/ / /

/ / /

/ / /

/ / /

8. Further just and appropriate relief as the Court may order.

DATED: October 2d, 2002.

CARLSMITH BALL LLP

*[signature]*

DAVID LEDGER
Attorneys for Plaintiff
Hansen Helicopters, Inc.

# COPY United States District Court

_____ DISTRICT OF _____
GUAM

HANSEN HELICOPTERS, INC.,

    Plaintiff,

V.

OCEANAIR LOGISTICS,
LORENZO LOPEZ, and
AMERICAN NATIONAL FIRE
INSURANCE COMPANY,

    Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 02-00029

TO: (Name and address of defendant)

    OCEANAIR LOGISTICS
    10925 N.W. 27th Street
    Miami, Florida 33172

ACKNOWLEDGED RECEIPT

By: _____
Date: 10·2·02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    CARLSMITH BALL LLP, 4th Floor, Bank of Hawaii Building, 134 West Soledad Avenue, Suite 401, Hagatna, Guam 96910,

an answer to the complaint which is herewith served upon you, within ____TWENTY (20)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

OCT 02 2002

CLERK                                         DATE

    /s/ Walter M. Tenorio

(BY) DEPUTY CLERK

# COPY United States District Court

_____ DISTRICT OF _____
GUAM

HANSEN HELICOPTERS, INC.,

    Plaintiff,

V.

OCEANAIR LOGISTICS,
LORENZO LOPEZ, and
AMERICAN NATIONAL FIRE
INSURANCE COMPANY,

    Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00029**

TO: (Name and address of defendant)

    LORENZO LOPEZ
    10925 N.W. 27th Street
    Miami, Florida 33172

ACKNOWLEDGED RECEIPT

By: _____
Date: 10-2-02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    CARLSMITH BALL LLP, 4th Floor, Bank of Hawaii Building, 134 West Soledad Avenue, Suite 401, Hagatna, Guam 96910,

an answer to the complaint which is herewith served upon you, within **TWENTY (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

OCT 02 2002

CLERK      DATE

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

# COPY United States District Court

_____ DISTRICT OF _____
GUAM

HANSEN HELICOPTERS, INC.,

    Plaintiff,

V.

OCEANAIR LOGISTICS,
LORENZO LOPEZ, and
AMERICAN NATIONAL FIRE
INSURANCE COMPANY,

    Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00029**

TO: (Name and address of defendant)

    AMERICAN NATIONAL FIRE INSURANCE COMPANY
    1350 Treat Blvd., Suite 300
    Walnut Creek, California 94956-7959

ACKNOWLEDGED RECEIPT

By: _____
Date: 10.2.02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    CARLSMITH BALL LLP, 4th Floor, Bank of Hawaii Building, 134 West Soledad Avenue, Suite 401, Hagatna, Guam 96910,

an answer to the complaint which is herewith served upon you, within ___**TWENTY (20)**___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

OCT 0 2 2002

CLERK                                                       DATE

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK