DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Defendant
*GREAT AMERICAN INSURANCE COMPANY OF NEW YORK
FKA AMERICAN NATIONAL FIRE INSURANCE CO.*

FILED
DISTRICT COURT OF GUAM
NOV 27 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT FOR GUAM

| | |
|---|---|
| HANSEN HELICOPTERS, INC.<br><br>                  Plaintiff<br><br>vs.<br><br>OCEANAIR LOGISTICS, LORENZO LOPEZ,<br>and AMERICAN NATIONAL FIRE INSURANCE<br>COMPANY,<br><br>                  Defendants. | Civil Case No. 02-00029<br><br>**ANSWER OF GREAT AMERICAN INSURANCE COMPANY OF NEW YORK FORMERLY KNOWN AS AMERICAN NATIONAL FIRE INSURANCE COMPANY** |

Comes now Great American Insurance Company of New York, formerly known as American National Fire Insurance Company (hereinafter referred to as "Great American"), and as its response to the complaint on file in the above captioned matter alleges:

## ANSWER

1.  Great American admits the allegations contained in paragraphs 1, 6, 13 and 16 of the complaint.

*Hansen Helicopters, Inc. v. OceanAir Logistics, et. al.*
*District Court Civil Case No. 02-00029*
*Answer of Great American Insurance Company of New York*
*f/k/a American National Fire Insurance Company*

2. Great American admits the allegations contained in paragraph 5 but affirmatively alleges that the current name of the company is Great American Insurance Company of New York.

3. Great American denies the allegations contained in paragraphs 38, 39, 41, 42, 45, 46, 47 and 49 of the complaint.

4. Great American lacks sufficient information so as to be able to prepare an answer to the allegations contained in paragraphs 2, 3, 4, 7, 9, 10, 11, 12, 17, 19, 20, 22, 23, 25, 26, 28, 29, 30, 32, 34, 35 and 36 of the complaint and on that basis denies all allegations contained in said paragraphs.

5. As its answer to paragraph 8 of the complaint, Great American denies that plaintiff or OceanAir Logistics arranged for all risk insurance for partial or total loss of the helicopter which is the subject of this lawsuit. Great American lacks sufficient information so as to be able to prepare a response to the remaining allegations contained in paragraph 8 of the complaint and on that basis denies all remaining allegations.

6. As its answer to paragraph 14 of plaintiff's complaint, Great American denies that the adjuster recommended that Great American allow $55,051.70 for the claim, but admits all remaining allegations contained in paragraph 14 of the complaint.

7. As its answer to paragraph 15 of the complaint, Great American admits that it denied Hansen's claim as a result of the conditions of the policy of insurance which was

*Hansen Helicopters, Inc. v. OceanAir Logistics, et. al.*
*District Court Civil Case No. 02-00029*
*Answer of Great American Insurance Company of New York*
*f/k/a American National Fire Insurance Company*

purchased by OceanAir Logistics. Great American lacks sufficient information so as to be able to prepare a response to the remaining allegations contained in paragraph 15 of the complaint and on that basis denies the remaining allegations.

8. As its answer to paragraph 44 of the complaint, Great American denies that it owes a duty of utmost care but admits all remaining allegations contained in said paragraph.

9. As its answers to paragraph 18, 21, 24, 27, 31, 33, 37, 40, 43, and 48 of plaintiff's complaint, Great American re-alleges and incorporates herein its responses to all paragraphs which were re-alleged by plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred by the doctrine of estoppel.

3. Plaintiff's complaint is barred by its acceptance of the policy of insurance which is the subject of the above captioned matter.

4. Plaintiff has failed to mitigate its damages.

5. Plaintiff's bad faith claim is barred by the genuine issue doctrine.

6. Plaintiff's claim that Great American acted in bad faith and plaintiff's demand for punitive damages are barred to the extent that such claims and damages are preempted by applicable statutory remedies.

*Hansen Helicopters, Inc. v. OceanAir Logistics, et. al.*
*District Court Civil Case No. 02-00029*
*Answer of Great American Insurance Company of New York*
*f/k/a American National Fire Insurance Company*

7. As a matter of public policy, punitive damages are not warranted or permitted in this case against Great American.

8. Plaintiff's claim for punitive damages is unconstitutional as it violates the prohibitions on excessive fines and punishments contained in the Eighth Amendment of the United States Constitution, 48 U.S.C. § 1421b(u) and/or 48 U.S.C. § 1421b(h).

9. Plaintiff's claim for punitive damages is unconstitutional as it violates requirements of equal protection under the Fourteenth Amendment of the United States Constitution, 48 U.S.C. § 1421b(u) and/or 48 U.S.C. § 1421b(n).

10. Plaintiff's claim for punitive damages is unconstitutional as it violates the guarantee of due process contained in the Fifth and Fourteenth Amendments of the United States Constitution, 48 U.S.C. § 1421b(u) and/or 48 U.S.C. § 1421b(e).

11. Plaintiff's claim is barred by the Free from Particular Average clause contained in the policy of insurance.

12. The cause of the damage, if any, suffered by Plaintiff was a peril which was not insured under the policy of insurance.

Wherefore, Great American prays for judgment as follows:

1. That plaintiff take nothing from its complaint;

2. That Great American be awarded its costs incurred herein; and

//

*Hansen Helicopters, Inc. v. OceanAir Logistics, et. al.*
*District Court Civil Case No. 02-00029*
*Answer of Great American Insurance Company of New York*
*f/k/a American National Fire Insurance Company*

3. For such other and further relief as the court deems appropriate.

Date: 11/27/02

DOOLEY LANNEN ROBERTS & FOWLER LLP

**DAVID W. DOOLEY**
Attorneys for Defendant Great American Insurance Company of New York f/k/a American National Fire Insurance Company

Page 5 of 6

*Hansen Helicopters, Inc. v. OceanAir Logistics, et. al.*
*District Court Civil Case No. 02-00029*
*Answer of Great American Insurance Company of New York*
*f/k/a American National Fire Insurance Company*

## CERTIFICATE OF SERVICE

I, **DAVID W. DOOLEY**, hereby declare that on \_\_Nov. 27\_\_, 2002, I caused a copy of Defendant Great American Insurance Company of New York formerly known as American National Fire Insurance Company's Answer to Complaint to be served upon the following:

DAVID LEDGER
ELYZE MCDONALD
CARLSMITH BALL LLP
134 West Soledad Avenue
Bank of Hawaii Building, Suite 401
Hagatna, Guam 96910

STEVEN A. ZAMSKY
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagatna, Guam 96910

Dated this \_\_27\_\_ day of \_\_Nov.\_\_ 2002.

*/s/ David W. Dooley*
**DAVID W. DOOLEY**

DWD/lcr F# G217 D#Answer Dir# Lrojas\G217\pleadings