Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorneys for Defendant OceanAir Logistics and Lorenzo Lopez

FILED
DISTRICT COURT OF GUAM
DEC 23 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HANSEN HELICOPTERS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OCEANAIR LOGISTICS, ) <br> LORENZO LOPEZ, and ) <br> AMERICAN NATIONAL FIRE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL CASE NO. CIV02-00029 <br><br> DEFENDANTS OCEANAIR LOGISTICS AND LORENZO LOPEZ'S ANSWER TO COMPLAINT |

COMES NOW, Defendants OceanAir Logistics and Lorenzo Lopez (hereinafter "Defendants")and files their Answer to Plaintiff Hansen Helicopters, Inc.'s (hereinafter "Hansen") Complaint as follows:

1. Admits the allegations contained paragraphs 1, 2, 3, and 10.

2. These Defendants deny the allegations contained in paragraphs 4, 19, 20, 22, 23, 25, 26, 29, 30, 32, 34, 35, and 36.

ORIGINAL

Page 2
Defendants OceanAir Logistics and Lorenzo Lopez's Answer to Complaint
Hansen Helicopters, Inc. v. OceanAir Logistics, et al.
District Court of Guam Civil Case No. CIV02-00029

3. These Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraphs 5, 6, 7, 11, 12, 13, 14, 15, 16, 17, 38, 39, 41, 42, 44, 45, 46, 47 and 49 and therefore deny the same.

4. With respect to the allegations contained in paragraph 8, these Defendants admit that OceanAir arranged to ship the helicopter and other property from Missouri to Guam in a 40 foot container and that it invoiced Hansen the sum of $5,259.86 for intermodal ocean freight and that Hansen paid the invoice in full. These Defendants deny the balance of the allegation contained in paragraph 8.

5. With respect to the allegations contained in paragraph 9, these Defendants admit that it ordered insurance with Roanoke Trade Services, Inc., a broker, and that Hansen paid OceanAir's invoice in full. These Defendants deny the balance of the allegations contained in paragraph 9.

6. With respect to the allegations contained in paragraph 28, these Defendants admit that included in OceanAir's invoice was the sum of $3,125.00 for insurance. These Defendants deny the balance of the allegations contained in paragraph 28.

**AFFIRMATIVE DEFENSES**

These Defendants assert the following Affirmative Defenses:

7. Plaintiff's Complaint fails to state facts sufficient to form a cause of action for which relief can be granted.

8. Plaintiff's claim is barred by the doctrine of estoppel.

Page 3
Defendants OceanAir Logistics and Lorenzo Lopez's Answer to Complaint
Hansen Helicopters, Inc. v. OceanAir Logistics, et al.
District Court of Guam Civil Case No. CIV02-00029

9. Plaintiff has failed to mitigate its damages.

10. Under the doctrine of contributory negligence, these Defendants are not liable to Plaintiff.

11. Under the doctrine of comparative negligence, these Defendants are not liable to Plaintiff.

12. Plaintiff assumed any risk for which it makes a claim.

13. Plaintiff the policy and these Defendants are, therefore, not liable to Plaintiff.

**WHEREFORE**, these Defendants pray that Hansen take nothing from its Compliant and it be dismissed.

Dated this **18th** day of **December 2002**.

    **ZAMSKY LAW FIRM**
    **Attorneys for Defendants OceanAir Logistics**
    **and Lorenzo Lopez**

By: _____
    STEVEN A. ZAMSKY

Z8(0486.00)\PLD\1822