DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Defendant
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK
*FKA AMERICAN NATIONAL FIRE INSURANCE CO.*

IN THE UNITED STATES DISTRICT COURT FOR GUAM

| | | |
|---|---|---|
| HANSEN HELICOPTERS, INC., | ) | CIVIL CASE NO. CIV02-00029 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF MOTION; MOTION FOR** |
| | ) | **ORDER CONFIRMING GOOD FAITH** |
| OCEAN AIR LOGISTICS, | ) | **SETTLEMENT; AND MEMORANDUM** |
| LORENZO LOPEZ, and | ) | **OF POINTS AND AUTHORITIES IN** |
| AMERICAN NATIONAL FIRE | ) | **SUPPORT THEREOF** |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO: OCEAN AIR LOGISTICS, LORENZO LOPEZ AND THEIR ATTORNEY OF RECORD, ZAMSKY LAW FIRM; AND

HANSEN HELICOPTERS, INC. AND ITS ATTORNEYS, CARLSMITH BALL LLP

## NOTICE OF MOTION

PLEASE TAKE NOTICE that a motion for an order confirming that the settlement of the above captioned matter by, and between, between Great American Insurance Company of New York, f/k/a American National Fire Insurance Co. (hereinafter "Great American") and Hansen Helicopters, Inc. (hereinafter "Hansen") has been filed by defendant Great American Insurance Company of New York. The parties do not require that this matter be set for oral argument.

## MOTION

Great American hereby moves this Court for an order confirming a good faith settlement under Guam's Contribution Among Joint Tortfeasors Act. This motion is made pursuant to 7 GCA § 24606 and is based upon the accompanying Memorandum of Points and Authorities, the declarations of David W. Dooley and David P. Ledger, all files and records in this case, and any and all other evidence which may be adduced at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Nature of the Case.

Plaintiff Hansen Helicopters, Inc. (hereinafter "Hansen") purchased a used helicopter in Missouri in May 2002 and arranged for it to be shipped to Guam. (See paragraph 8 of Hansen's complaint). Hansen attempted to purchase cargo insurance for the helicopter. Hansen claims that it attempted to purchase an all risk policy insurance which would pay for any partial or total loss that the helicopter may suffer in transit to Guam. (See paragraph 8 of Hansen's complaint). The insurance which was actually underwritten by Great American was a much more limited policy (See paragraph 28 of Hansen's complaint). Great American's policy of insurance contained a "free of particular average clause". (See Great American's eleventh affirmative defense and endorsement 14 of Great American's policy of insurance attached to the declaration of David W. Dooley.) Under the free from particular average clause, the insurer is generally obligated to pay a claim only if there is a total loss. Because Hansen's helicopter did not suffer a total loss (it was repaired at a cost of approximately $55,051.70, see paragraph 14 of the complaint) Great American claims that there is no coverage under its policy of insurance. Specifically, Endorsement No. 14 to the policy of insurance states:

## USED MACHINERY AND OTHER USED GOODS INSURED

> Warranted free from Particular Average unless the vessel or craft be stranded, sunk or burnt, but notwithstanding this warranty, the Assurer to pay any loss or damage to the interest insured which may reasonably be attributed to fire, collision or contact of the vessel and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress.

Hansen has alleged essentially three causes of action against Great American (a fourth cause of action entitled "exemplary damages" was also pled. Great American believes that exemplary damages is not a separate cause of action but is merely a form of relief which arguably could be granted under the bad faith cause of action. Great American will therefore assume in this memo that there are only three causes of action). Hansen has alleged a breach of contract claim, a negligence claim and a bad faith claim. Hansen asserts that there is coverage under the policy of insurance because the loss occurred as a result of one of the exceptions to the free from particular average clause.

### 2. The Settlement.

Hansen and Great American have agreed to settle all claims for $20,000.00. In exchange for the payment of $20,000.00, Hansen has agreed to dismiss all of its causes of action against Great American. Hansen has also agreed to release Great American from any claims arising under the policy of insurance. (See release attached to declaration of David W. Dooley.) The settlement is conditioned upon this court's approval of the settlement pursuant to the Contribution Among Joint Tortfeasors Act, 7 G.C.A. §24601 et. seq. (See, Declaration of David W. Dooley).

//

//

//

3

### 3. The court can determine whether the settlement was entered into in good faith.

7 G.C.A. §24606 provides that parties entering into a settlement agreement may move the court for a judicial determination that their settlement agreement was made in good faith. Section 24606(a) reads in pertinent part as follows:

> Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors ... .

Section 24606 is based on and derived from California Code of Civil Procedures §877.6. California Courts have long recognized their statutory authority to approve settlements as being made in good faith. See, American Motorcycle Association v. Superior Court, 20 Cal. 3d 578, 146, Cal. Rptr. 182, 199 (1978); Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d, 488, 499, 213 Cal. Rptr. 256 263 (1985); Bay Development, Ltd. v. Superior Court, 50 Cal. 3d 1012, 1019-20, 269 Cal. Rptr. 720, 722-23 (1990).

A good faith determination is essential to enable settlement of litigation with one of multiple joint tortfeasors since §24606 provides as follows:

> A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial comparative indemnity, based on comparative negligence or comparative fault...(Emphasis added).

Great American requests that this Court determine that its settlement with Hansen was made in good faith so that Great American will be insulated from liability on any cross-claims for contribution and indemnity that may be filed by any other defendants in this litigation.

The criteria for determining whether a settlement agreement is in "good faith" or "bad faith" is outlined in 7 G.C.A. §24606(b) and (e), which provides as follows:

> b. The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response thereto, or any evidence at the hearing.
>
> e. A settlement shall be deemed in bad faith if it is made for significantly less than the reasonable value of the claim for which it is made taking into account the likelihood of liability, assets and insurance available to pay the claim, the cost and difficulty of pursuing the claim, the relationship between the parties to the settlement, and such other factors as the court may deem appropriate or relevant. (Emphasis added).

The ultimate determination of good faith hinges upon whether the settlement is within the reasonable range or "ball park" of the settling tortfeasor's liability. Tech-Bilt v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499, 213 Cal. Rptr. 256, 263 (1985); Accord: City of Grand Terrace v. Superior Court, 192 Cal. App. 3d 1251, 1260, 238 Cal. Rptr. 119 (1987). In order to make this determination, the court may examine a variety of factors which are:

1. A rough approximation of the plaintiff's total recovery and the settlor's proportionate liability;

2. The amount paid in settlement;

3. A recognition that a settlor should pay less in settlement then he would if he were found liable after trial; and

4. The existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants.

Tech-Bilt v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499, 213 Cal. Rptr. 256, 263.

As stated previously, Great American's policy of insurance contained a free from particular average clause. Generally, this clause exempts the underwriter from liability for partial losses. Unless otherwise qualified, the warranty does not restrict the insurance company's liability for total losses. (See Larsen v. Insurance Company of North America (WD Washington, 1965) 252 F. Supp.

5

458, 470.) Thus, Great American claims that it is relieved from liability because the helicopter did not suffer a total loss. Thus, there can be no liability for Great American in this matter.

Hansen Helicopters claims that it is possible that the damage which was suffered by the helicopter falls within one of the exceptions which are contained in the free of particular average clause. Specifically, Hansen intends to establish that the damage suffered by the helicopter was a result of contact of the conveyance with an external substance. (See declaration of David Ledger, Esq.) At this time, there is no evidence regarding the cause of the damage. Therefore this evidence will have to be developed through discovery, which is a very expensive process.

Discovery into the cause of the damage will necessarily involve depositions of crew members of the vessel on which the helicopter was shipped. In all likelihood, none of the crewmembers are residents of Guam so that extensive travel may be involved in developing the testimony which may, or may not, support plaintiff's contentions. Counsel for both parties estimate that the discovery which is directed only at determining the cause of the accident will cost each party in excess of $20,000.00. Additional discovery will also have to be undertaken regarding the claims against the other co-defendants. From defendant's perspective, much more than $20,000.00 will necessarily be spent defending the case. Therefore, it makes economic sense to settle the claim in order to avoid any potential exposure and to cap the expenses which will be incurred. From plaintiff's perspective, there is a very real possibility that the free from particular average clause may completely bar the claim. When combined with the cost which will be incurred developing the claim, a $20,000.00 settlement is reasonable, especially when considering that the entire damage that was suffered by the helicopter was repaired at a cost of $55,000.00.

The settlement is certainly reasonable and "in the ballpark". (Tech-Bilt v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499, 213 Cal. Rptr. 256, 263 (1985). This court should confirm that settlement has been entered in good faith by Hansen and Great American.

## CONCLUSION

For all of the above, the settlement entered into by Hansen and Great American was entered into in good faith. This court should confirm the settlement.

Dated this 30 day of April 2003.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: *[signature]*
DAVID W. DOOLEY
Attorneys For Defendant Great American Insurance Company Of New York fka *American National Fire Insurance Co.*

DWD:lcr:fad F#G217 F:\Documents\LROJAS\G217 Great American\Pleadings\Motion for Good Faith Settlement.042903.doc