DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Defendant
GREAT AMERICAN INSURANCE COMPANY OF NEW YORK
*FKA AMERICAN NATIONAL FIRE INSURANCE CO.*

IN THE UNITED STATES DISTRICT COURT FOR GUAM

| | |
|---|---|
| HANSEN HELICOPTERS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OCEAN AIR LOGISTICS, ) <br> LORENZO LOPEZ, and ) <br> AMERICAN NATIONAL FIRE ) <br> INSURANCE COMPANY ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL CASE NO. CIV02-00029 <br><br><br><br> **DECLARATION OF** <br> **DAVID W. DOOLEY** |

I, David W. Dooley, hereby declare and state:

1. I am an attorney licensed to practice law in this court. I am a partner in the law firm of Dooley Lannen Roberts & Fowler LLP who has been retained to defend Great American Insurance Company of New York (hereinafter "Great American") in the above captioned matter.

2. Attached hereto as Exhibit A is a true and correct copy of Endorsement No. 14 of Great American's policy of Insurance which was issued for the benefit of Hansen Helicopters, Inc.

3. On behalf of Great American, I have negotiated a settlement agreement with David P. Ledger, counsel for Hansen Helicopters, Inc. ("Hansen"). Pursuant to the terms of the settlement, Great American will pay $20,000.00 to Hansen as full and final settlement of the claims between Hansen and Great American.

*Hansen Helicopters, Inc. v. Ocean Air, et. al.*
*Declaration of David W. Dooley*

4. In exchange for payment of $20,000.00, Hansen will dismiss its claims against Great American and will sign a release of all claims, a copy of which is attached hereto as Exhibit B.

5. Settlement is conditioned upon approval of the settlement by this court pursuant to Guam's Contribution of Joint Tortfeasors Act.

6. Notwithstanding my belief that Great American has a very strong legal argument to obtain summary judgment in this matter (see accompanying memorandum of points and authorities), I recognize that the cost of performing the discovery which is necessary to properly prepare the motion for summary judgment will exceed $20,000.00.

7. I therefore believe that settlement in this matter is reasonable as settlement will actually save Great American money by settling the case rather than incurring costs and attorneys fees in defending this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of April 2003.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: _____
DAVID W. DOOLEY
Attorneys For Defendant Great American Insurance Company Of New York fka *American National Fire Insurance Co.*

DWD:lcr: F#G217 F:\Documents\LROJAS\G217 Great American\Pleadings\Declaration - DWD.042503.doc

ENDORSEMENT NO: FOURTEEN

**FROZEN MERCHANDISE SHIPPED UNDER REFRIGERATION INSURED:**

Except while on deck of an overseas vessel, subject to an on-deck bill of lading, shipments of frozen merchandise shipped under refrigeration are insured against all risks of physical loss or damage from any external cause, SUBJECT TO THE FOLLOWING EXCLUSIONS AND WARRANTIES:

1. **EXCLUSIONS**
   Notwithstanding the coverage provided in Clause 12(a) above, this policy excludes:

   a. the risks excepted by the F. C. & S. warranty and the S. R. & C. C. warranty incorporated in the conditions of this policy;

   b. loss or damage due to inherent vice and/or gradual deterioration;

   Provided that, notwithstanding the provisions of Exclusion 1.b., while the cargo is stowed in the vessel's refrigeration chambers and/or in refrigerated containers, this policy covers loss or damage due to or caused by derangement, breakdown or malfunction of the refrigeration machinery and/or refrigeration plant and/or insulation, but only if such derangement, breakdown or malfunction has lasted for a period of at least twenty-four (24) consecutive hours;

   Provided further that, notwithstanding the provisions of Exclusion 1.b., this policy covers loss or damage caused by the negligence of any person who has possession or custody of or responsibility for the cargo insured hereunder during the time that this policy is in force;

   c. claims for or consequent upon detainment, delay, loss of time or loss of market, whether arising from a peril insured against or otherwise.

2. **WARRANTIES**
   Coverage is conditioned upon the insured's compliance with the following warranties:

   It is warranted that, in the event of transportation by land or inland waterway and/or other connecting conveyances prior to loading on an overseas vessel and/or subsequent to discharge therefrom, such conveyances be insulated and/or otherwise equipped for maintaining temperatures required for proper preservation of the cargo insured hereunder.



EXHIBIT A



ENDORSEMENT NO:      FOURTEEN

**GLASS, GLASSWARE AND OTHER SIMILAR FRAGILE ARTICLES, (BUT EXCLUDING PLATE GLASS) IN APPROVED OVERSEAS PACKING INSURED:**

Against all risks of physical loss or damage from any external cause, excepting those risks excluded by the F. C. & S. and S. R. & C. C. warranties.

However claims for breakage shall be subject to a deductible of 5% of the insured value of each bill of lading separately insured.

**PLATE GLASS AND SIMILAR TYPE GLASS IN APPROVED OVERSEAS PACKING IS INSURED:**

Warranted free from Particular Average unless the vessel or craft be stranded, sunk or burnt, but notwithstanding this warranty the Assurer to pay any loss or damage to the interest insured which may reasonably be attributed to fire, collision or contact of the vessel and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress.

**USED MACHINERY AND OTHER USED GOODS INSURED:**

Warranted free from Particular Average unless the vessel or craft be stranded, sunk or burnt, but notwithstanding this warranty the Assurer to pay any loss or damage to the interest insured which may reasonably be attributed to fire, collision or contact of the vessel and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress.

**WINE, SPIRITS AND LIQUOR IN BOTTLES IN APPROVED OVERSEAS PACKING INSURED:**

Against all risks of physical loss or damage from any external cause, excepting those risks excluded by the F. C. & S. and S. R. & C. C. warranties.

However claims for pilferage and breakage shall be subject to a deductible of 1% of the insured value of each bill of lading separately insured.

All other terms and conditions remain unchanged.

Attached to and made part of Policy No. OMC-7567633 of the **AMERICAN NATIONAL FIRE INSURANCE COMPANY** issued to **ROANOKE MIAMI (AGENCY POLICY)**

DATE: April 1, 1999           By: [signature]

# RELEASE AND SETTLEMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of the sum of **Twenty Thousand and 00/100 Dollars ($20,000.00)** in lawful money of the United States paid to **Hansen Helicopters, Inc.** (hereinafter referred to as "Releasor") and to **David P. Ledger, Esq., Carlsmith Ball**, its attorneys, receipt of which is hereby acknowledged, Releasor does by these presents remise, release and forever discharge **Great American Insurance Company of New York formerly known as American National Fire Insurance Company** (hereinafter referred to as "Releasee"), its agents, servants, divisions, representatives, successors, assigns and employees, and each of them, and whether now known or unknown, including any and all claims for property damage, pain, suffering, mental and emotional distress, loss of income, loss of business opportunity, damages for alleged bad faith insurance practices, contract claims against any policy of insurance issued by Releasee, costs, loss of services, expenses which the said Releasor shall or may have against Releasee, or any of the above-mentioned persons, firms, corporations, associations or partnerships by reason of or arising from that certain accident involving damage to a helicopter owned by Releasor which occurred on or about May 2002 or June 2002, and particularly and without lessening or limiting the force or generality of the foregoing, from all claims and demands set forth in that certain action entitled <u>Hansen Helicopters, Inc. v. Oceanair Logistics, Lorenzo Lopez, and American National Fire Insurance Company</u>, United States District Court for Guam, Civil Case No. CIV 02-00029, and any and all claims arising out of the manner in which Releasees may have litigated, negotiated, paid, and/or failed to pay any claims of Releasor.

Releasor further acknowledges that it is aware of the possibility that in the future it could develop a new or additional loss or damage as a result of said accident and the events which followed, and that at this time it is not possible to determine whether any such additional consequences will in fact occur. Releasor nonetheless expressly intends to release any and all such possible claims it now has or might later acquire against the Releasee, even claims which are presently unknown, unaccrued, unforeseen and unforeseeable. Releasor hereby expressly accepts the risk that any such claims may develop in the future. Releasor specifically acknowledges that one of the primary purposes of this Release is to insure that the Releasee is never again sued for any injury or damage suffered by Releasor which is in any way related to said accident and the events which followed, and this Release is to be construed to accomplish that purpose.

In further consideration of the payment made herein, the undersigned Releasor hereby knowingly, voluntarily, and expressly waives the benefits of the provisions of 18 Guam Code Annotated, Section 82602, and any similar provision which may apply to this settlement which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

\_\_\_\_\_ HH

**EXHIBIT B**

The undersigned Releasor further declares and represents that this Release and Settlement Agreement expresses a full and complete settlement of a liability claimed and denied, and that regardless of the adequacy of the compensation, this Release and Settlement Agreement is intended to avoid litigation, and that there is absolutely no promise, inducement or agreement on the part of Releasee to make any payment or do any act or thing other than what is expressly stated and clearly agreed to herein, and that this Release and Settlement Agreement contains the entire agreement between the parties hereto, and that the terms of this Release and Settlement Agreement are contractual and not a mere recital.

Releasor further agrees to indemnify, defend and hold harmless Releasee, its agents, servants, and employees, and each of them, and all other persons, firms, corporations, associations, or partnerships, having any interest in or in any way connected with said Releasee from and against any and all loss, liability, and expense of whatsoever kind or nature, including but not limited to attorneys' fees which may arise from the assertion by Releasor or any third party claiming through Releasor of any claim against Releasee arising out of the above-indicated occurrence.

Releasor understands and expressly warrants and represents that, by entering into and executing this Release and Settlement Agreement, Releasor will undertake to satisfy or compromise all liens or other claims of any nature whatsoever asserted by any person or entity against Releasee with respect to the subject accident or against the proceeds of the settlement draft, or that it has already done so, and that it will indemnify and hold Releasee, and its respective attorneys of record, harmless with respect to any such claims. Such possible claims include, but are not limited to, any claims asserted by any creditor, insurance carrier, or other entity that has made payment to Releasor in connection with said accident or Releasor's claim, by any assignee or by any attorney who has formerly represented, or who purports to have formerly represented, Releasor.

Releasor expressly undertakes, warrants and represents that it will indemnify Releasee and its respective attorneys of record for any and all liabilities incurred, including reasonable attorneys' fees, should any representation or warranty Releasor makes in this Release and Settlement Agreement prove to be false, or should Releasor at any time repudiate or attempt to repudiate this Release and Settlement Agreement, or any of its terms, or the settlement it is intended to document.

Payment of the sum herein mentioned is made by Releasee in compromise of a disputed claim between the parties and is intended to extinguish all rights and liabilities concerning such claim. Payment is not to be construed as an admission of liability by Releasee or anyone else.

//

\_\_\_\_HH                                                               2

The undersigned Releasor hereby declares that it has read the foregoing Release and Settlement Agreement and that the meaning thereof has been explained to it by its attorney, who has also caused this document to be executed and that it fully understands and appreciates the meaning thereof, and that it has executed the same of its own free will and accord.

This Release and Settlement Agreement consists of four (4) pages, each of which has been initialed by Releasor at the lower left corner, and a copy of this Release and Settlement Agreement has been retained by Releasor.

Dated this _____ of _____, 2003.


_____
HANSEN HELICOPTERS, INC.


I, _____, certify that I have been authorized by the board of directors of Hansen Helicopters, Inc. to execute this Release and Settlement Agreement on its behalf.

Dated this _____ of _____, 2003.


_____
HANSEN HELICOPTERS, INC.


\_\_\_\_\_HH         3

## ATTORNEY'S CONSENT

I have read the foregoing Release and Settlement Agreement and approve it as to substance and as to form and have advised my client, Hansen Helicopters, Inc., to execute it.

Dated this _____ day of _____, 2003.

CARLSMITH BALL

By: _____
DAVID P. LEDGER, ESQ.

GUAM USA           )
                  ) ss:
CITY OF HAGÅTÑA )

On this \_\_\_ day of _____, 2003, before me a Notary Public in and for the Territory of Guam, personally appeared _____, known to me to be the representative for **Hansen Helicopters, Inc.**, whose name is subscribed to this Release and Settlement Agreement and acknowledged to me that he/she executed the same as his/her free and voluntary act and deed on behalf of **Hansen Helicopters, Inc.**, for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the date last above written.

_____
Notary Public

F:\Documents\LROJAS\G217 Great American\Pleadings\Release.043003.doc

\_\_\_\_\_HH                                                4