CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Bldg.
134 West Soledad Avenue
Hagatna, Guam 96910
Telephone: (671) 472-6813
Facsimile: (671) 477-4375



Attorneys for Plaintiff Hansen Helicopters, Inc.

IN THE UNITED STATES DISTRICT COURT FOR GUAM

| | | |
|---|---|---|
| HANSEN HELICOPTERS, INC., | ) | CIVIL CASE NO. CIV02-00029 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | DECLARATION OF |
| OCEAN AIR LOGISTICS, | ) | DAVID P. LEDGER |
| LORENZO LOPEZ, and | ) | |
| AMERICAN NATIONAL FIRE | ) | |
| INSURANCE COMPANY | ) | |
| Defendants. | ) | |

I, David P. Ledger, hereby declare and state:

1. I am an attorney licensed to practice law in this court. I am a partner in the law firm of Carlsmith Ball LLP who has been retained to represent Hansen Helicopters, Inc. (hereinafter "Hansen") in the above captioned matter.

2. On behalf of Hansen, I negotiated a settlement agreement with defendant Great American Insurance Company of New York ("Great American"). Pursuant to the terms of the settlement, Great American will pay $20,000.00 to Hansen as full and final settlement of all claims between Hansen and Great American.

3. In exchange for payment of $20,000.00, Hansen will dismiss its claims against Great American and will sign a release of all claims, a copy of which is attached to the declaration of David W. Dooley.

*Hansen Helicopters, Inc. v. Ocean Air, et. al.*
*Declaration of David P. Ledger*

4. While I recognize that the "free of particular average clause" presents a very strong defense for Great American, nonetheless, there are exceptions to this exclusion. Specifically, because the loss may have arisen due to a contact with an external object, the free of particular average clause may not bar Hansen's claims.

5. However, in order for me to properly investigate these facts, it will be necessary to take deposition testimony of witnesses in Florida and Guam. In addition, our primary theory that the free of particular average clause does not apply would be based upon testimony of crew members on the vessel that was involved in the transportation of the helicopter. Testimony of truckers who supplied the over land portion of the Missouri to Guam shipment could also be necessary. At this time, I do not know the location of any of these individuals. Obviously, costs will have to be incurred in order to develop this evidence.

6. Because of the costs which will be incurred in pursuing the claim against Great American, it is my belief that a settlement of $20,000.00 is reasonable.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 5th day of May 2003, Hagatna, Territory of Guam.

CARLSMITH BALL LLP

By: /s/ David P. Ledger
DAVID P. LEDGER
Attorneys for Hansen Helicopters, Inc.

DWD:lcr: F#G217 F:\Documents\LROJAS\G217 Great American\Pleadings\Declaration - David Ledger.042903.doc

2