CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Hansen Helicopters, Inc.



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| HANSEN HELICOPTERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OCEAN AIR LOGISTICS, LORENZO LOPEZ and AMERICAN NATIONAL FIRE INSURANCE COMPANY, <br><br> Defendants. | CIVIL CASE NO. CIV02-00029 <br><br> **PLAINTIFF HANSEN HELICOPTERS, INC.'S TRIAL BRIEF; DECLARATION OF SERVICE** |

Plaintiff Hansen Helicopters, Inc. submits its Trial Brief pursuant to Local Rule 16.7(b).

**I.  INTRODUCTION**

This case is not a complicated one. The background facts and events are these. Hansen Helicopters is a Guam corporation based in Harmon Industrial Park, Harmon, Guam. Hansen's business is supplying helicopters and pilots to tuna boats for the boats to use to locate schools of tuna.

4836-6965-4528.1.051998-00038

Hansen purchases its helicopters off-island and then ships them to Guam for eventual deployment on the tuna boats when the boats call at Apra Harbor, Guam. When Hansen purchases a helicopter, it arranges for a freight forwarder at point of purchase to ship the helicopter to Guam and to obtain transit insurance for the helicopter. Hansen pays the freight forwarder directly for the freight and insurance, which is what Hansen did here. In this instance, OceanAir Logistics of Miami, Florida was the freight forwarder. OceanAir obtained the transit insurance through its broker Roanoke Trade Services, also located in Miami.

On occasions past Hansen has seen its helicopters damaged in transit only to then find out that the transit insurance the freight forwarder had arranged did not cover the damage for one reason or another. For example, some insurance policies provided very limited coverage, covered only total loss but not repairable damage, or required Hansen to pay a very high deductible. Having learned its lesson the hard way, this time Hansen wanted full coverage and agreed to pay a very high premium for what the insurance industry generally refers to as "all risk" insurance. In short, insurance that would provide coverage for any sort of damage to the helicopter during transit no matter the cause. On a declared cargo value of approximately $150,000.00, a local insurance agency quoted Hansen a premium of approximately $3,700.00 for such a policy. However, Defendant OceanAir's price of $3,125.00 for cargo insurance on an insured value of $170,785.76 was a better deal, which Hansen opted for and paid the premium to OceanAir.

Sure enough, when the 40 foot container carrying the helicopter was delivered to and opened at Hanson's hangar in Harmon, Hansen discovered that the helicopter had been badly damaged in transit. Feeling pretty good about its decision to spend the extra money for an all risk policy, Hansen immediately filed an insurance claim. The insurance company appointed

Allied Marine Surveyors of Saipan and Guam to survey the damage, prepare a report thereof and provide its recommendation. Allied recommended a claim allowance of $55,051.70 to repair the damage. However, upon consideration of Allied's report and further review of the loss, claim, and the policy actually requested by and issued to OceanAir, the insurance company denied coverage. Hansen was, understandably, shocked and instructed counsel herein to press the claim.

The insurance company explained that the policy it had issued, like others Hansen had seen before, only this time paid to avoid, provided only very limited coverage.[1] Hansen contested the denial of coverage in the process discovering that the policy was indeed not an all risk policy. Instead the insurance company had issued exactly the policy that OceanAir through its broker had requested - an F.P.A. policy - the premium for which was in fact a low $397.08, about 12% of the $3,125.00 premium OceanAir had charged Hansen. Even so, Hansen continued to insist that the F.P.A. policy should pay the loss. Eventually, however, Hansen relented and settled with the insurance company for $20,000.00, just about 30% of what it cost Hansen to repair the helicopter.

To sum up and highlight key points for the Court, OceanAir paid $397.08 for an F.P.A. cargo policy and then knowingly and with intent to cheat Hansen peddled that policy to Hansen for a premium of $3,125.00 - - 800% more than what the policy was actually worth, not to mention windfall profit of $2,728.00. This lawsuit ensued and alleges the following causes of action against OceanAir and its owner Lorenzo Lopez: (1) Fraud (2) Intentional Misrepresentation (3) Negligent Misrepresentation (4) Negligence and (5) Unjust Enrichment. Hansen seeks actual damages of $58,176.70, exemplary damages of $1,000,000.00 and

---

[1] The insurance company had issued an "F.P.A." policy. F.P.A. means "free from particular average." A free from particular average policy is a policy that will not pay a cargo damage claim unless the vessel suffers a catastrophic loss such as being stranded, sunk or burned. The premium is correspondingly quite low.

attorneys fees and costs of suit.

## II. PROCEDURAL BACKGROUND

On June 10, 2003, this Court entered an Order confirming that the settlement between Hansen and the insurance company was made in good faith. Otherwise there have been no proceedings of any particular significance. No motions have been filed.

## III. FACTUAL CONTENTIONS

Hansen paid OceanAir a $3,125.00 premium expecting in exchange a "cadillac" all-risk policy. What Hansen instead got for its money was a cheap-o F.P.A. policy that OceanAir knew would not cover partial loss, for which OceanAir paid a paltry $397.08, roughly 12% of the premium it collected from Hansen. Hansen contends the evidence demonstrates OceanAir had actual knowledge that the policy it applied for and obtained through its broker was an F.P.A. policy that would not cover a claim for partial loss. Hansen contends OceanAir intended to and in fact did cheat Hansen by pocketing the difference between the premium Hansen paid OceanAir and the premium OceanAir paid for the F.P.A. policy, all the while betting the helicopter would get to Guam undamaged, that no insurance claim would ever be filed, and that Hansen would never be the wiser. Hansen contends this intentional deception is sufficient to constitute fraud and warrants exemplary damages.

## IV. POINTS OF LAW

OceanAir contends that with respect to *any* judgment entered in favor of Hansen, it is entitled to a $20,000.00 credit for the settlement Hansen received from American National Insurance. Hansen does not contend that it would be entitled to double recovery. However, OceanAir would not be entitled to a credit against any damages awarded against OceanAir or Mr. Lopez based on a finding of fraud or against any punitive damages awarded. Damages for fraud and punitive damages would not constitute double recovery because there would have been

no joint liability on the fraud claim even if the insurance company had not settled out. Instead, the fraud and punitive damages claims were unique to OceanAir and Mr. Lopez and not at all based on Hansen's out of pocket costs of approximately $35,000 to repair the helicopter.

## V.  EVIDENTIARY PROBLEMS

Hansen does not anticipate and extraordinary evidentiary problems.

## VI.  ABANDONMENT OF ISSUES

Hansen has not abandoned any issues.

DATED: Hagåtña, Guam, November 18, 2003.

CARLSMITH BALL LLP

*(signature)*

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Hansen Helicopters, Inc.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 18th day of November 2003, I will cause to be served, via hand delivery, a true and correct copy of **Plaintiff Hansen Helicopter, Inc.'s Trial Brief; Declaration of Service**, upon Defendant Ocean Air Logistics and Lorenzo Lopez's Counsel of record as follows:

> Steven A. Zamsky, Esq.
> Zamsky Law Firm
> Suite 805, GCIC Building
> 414 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 18th day of November 2003 at Hagåtña, Guam.

_____
DAVID LEDGER