Steven A. Zamsky, Esq.
ZAMSKY LAW FIRM
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam USA 96910
Telephone: (671) 477-3637
Facsimile : (671) 472-1584

Attorneys for Defendants OceanAir Logistics and Lorenzo Lopez

# IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| HANSEN HELICOPTERS, INC., | ) | CIVIL CASE NO. CIV02-00029 |
| Plaintiff, | ) | |
| vs. | ) | TRIAL BRIEF OF DEFENDANTS OCEANAIR LOGISTICS and LORENZO LOPEZ |
| OCEANAIR LOGISTICS, LORENZO LOPEZ, and AMERICAN NATIONAL FIRE INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

COMES NOW, Defendants OceanAir Logistics and Lorenzo Lopez (hereinafter "**Defendants**") and files the following as their Trial Brief:

## FACTUAL MATTERS

In April 2002, Plaintiff Hansen Helicopters, Inc. (hereinafter "**Plaintiff**") contracted with the Defendants to arrange for the shipment of a helicopter and other used equipment from the Mainland, U.S. to Guam. The Defendants did so.

///

///

ORIGINAL

Page 2
Trial Brief of Defendants OceanAir Logistics and Lorenzo Lopez
Hansen Helicopters, Inc. v. OceanAir Logistics, et al.
District Court of Guam Civil Case No. CIV02-00029

Although, not specifically requested by Plaintiff, Defendants did arrange for insurance on the used goods. That insurance policy contained a Free From Particular Average Endorsement which reads as follows:

> "Warranted Free from Particular Average unless the vessel or craft be stranded, sunk or burnt, but notwithstanding this warranty the Assurer to pay any loss or damage to the interest Insured which may reasonably be attributed to fire, collision or contact of the vessel and/or conveyance with any external substance (fee included) other than water, or in discharge of cargo at port of distress."

The insurance policies for used goods that are being shipped by vessels almost always contain such an endorsement.

A copy of the Binder for the insurance coverage was sent to Plaintiff and no objection was voiced.

Plaintiff contends that the helicopter was damaged while being shipped.

The insurance company declined coverage because, among other things, of the Free From Particular Average Clause and because Plaintiff had accepted the policy.

## NEGLIGENCE

In order to prove that Defendants negligently caused harm to Plaintiff, the Plaintiff must prove that Defendants had a duty to Plaintiff procure insurance complained of, that is an all risk insurance policy.

///

///

///

Page 3
Trial Brief of Defendants OceanAir Logistics and Lorenzo Lopez
Hansen Helicopters, Inc. v. OceanAir Logistics, et al.
District Court of Guam Civil Case No. CIV02-00029

## FRAUD AND MISREPRESENTATION

In order to prove that Defendants defrauded Plaintiff, the Plaintiff needs to prove that Defendants intentionally told the Plaintiff that it would obtain the all risk insurance, knowing that it would not, and did not do so, or prove that Defendants told the Plaintiff that the insurance would have specific provisions knowing that the insurance did not. 18 GCA §85308, 18 GCA §90102, and 18 GCA §90103.

A mere promise to do something in the future is not fraud unless the Promisor had no intention to perform it. Miller v. San Francisco, 187 A2d 480, 9 Cal.Rptr. 767.

The same showing must be made with respect to any misrepresentation claim. That claim is really aspecies of fraud.

Plaintiff must also prove that it relied on such a representation. However, Plaintiff accepted the policy.

## UNJUST ENRICHMENT

It is standard industry practice for freight forwarders to charge for insurance at their own rate. Defendants did so and Plaintiff accepted the charge for the insurance it also accepted.

## DAMAGES

If Plaintiff proves liability, then Plaintiff is entitled only to the actual damages that Plaintiff incurred. 18 GCA § 90102. Only in the most extraordinary of circumstances is Plaintiff entitled to any other damages, Plaintiff must prove Defendants acted with "oppression, fraud, or malice". 20 GCA §2120.

Page 4
Trial Brief of Defendants OceanAir Logistics and Lorenzo Lopez
Hansen Helicopters, Inc. v. OceanAir Logistics, et al.
District Court of Guam Civil Case No. CIV02-00029

## CONCLUSION

Plaintiff cannot prove any basis for recover.

Respectfully submitted this ___ day of **November 2003**.

**ZAMSKY LAW FIRM**
Attorneys for Defendants
OceanAir Logistics and Lorenzo Lopez

By: _____
STEVEN A. ZAMSKY

Page 5
Trial Brief of Defendants OceanAir Logistics and Lorenzo Lopez
Hansen Helicopters, Inc. v. OceanAir Logistics, et al.
District Court of Guam Civil Case No. CIV02-00029

## DECLARATION OF SERVICE

I, Steven A. Zamsky, hereby declare under penalty of perjury of the laws of the United States, that on the __18__ day of **November 2003**, I caused to be served by hand delivery a true and correct copy of the foregoing **TRIAL BRIEF OF DEFENDANTS OCEANAIR LOGISTICS AND LORENZO LOPEZ; DECLARATION OF SERVICE** upon **David P. Ledger, Esq., CARLSMITH BALL, LLP**, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam USA 96910, **Attorneys for Plaintiff Hansen Helicopters, Inc.**.

Dated this __18__ day of **November 2003**.

_____
STEVEN A. ZAMSKY

Z8(0486.00)\PLD\P#2074